## Isaac A. Petty, Appellee, v. Samuel L. Stebbins et al., Appellants.

## Gen. No. 5482.

1. PERSONAL INJURIES—*who not trespasser or mere licensee.*   A person who enters a merchandise store for the purpose of making purchases there is not a mere licensee or a trespasser but is in such store by the implied invitation of the owner · and if injured while properly using such premises in an effort to inspect merchandise, such owner is liable if he has failed to exercise ordinary care.

2. EVIDENCE—*what competent to show invitation to enter store.* *Held,* that the conversation objected to in this case was competent as showing not only the implied invitation given to every customer who enters an open store during business hours, but also an express invitation to the plaintiff.

3. EVIDENCE—*when prior accidents may be shown.*   Prior accidents may sometimes be shown for the purpose of establishing knowledge by the owner of the existing danger.

Action in case for personal injuries.   Appeal from the City Court of Kewanee; the HON. H. STERLING POMEROY, Judge, presiding.   Heard in this court at the April term, 1911.   Affirmed.   Opinion filed October 13, 1911.   Rehearing denied November 23, 1911.

ANDERSON & ANDREWS and THOMAS J. WELCH, for appellants.

CHARLES E. MULLIGAN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On November 29, 1909, between eight and nine o'clock a. m., appellee went into the store of appellants in the city of Kewanee and, while there, fell through an open trap door into the cellar beneath and was seriously injured.   He brought this suit against appellants to recover damages therefor and had a verdict and a judgment for $400 from which defendants below

appeal. Appellants concede that the damages are moderate, if liability exists, and it will therefore not be necessary to describe appellee's injuries. It is contended that the court erred in rulings upon evidence and instructions and in refusing to enter a judgment for defendants upon the special findings, but the main contention is that under the proofs appellants are not liable.

The store was 100 feet long and 32 feet wide, and the only business that the proof shows was carried on there was the selling of apples and potatoes, the making of cider and the repair of automobiles and bicycles. The store faced north with a glass front. Somewhere in the front of the store was a desk. There was a counter 40 feet long, on the west side of the store. Back of that a lot of potatoes were piled in sacks. There was then an open space, and in the southwest corner, running along the west wall from the south end north perhaps 16 feet, was an apple bin. In the open space just mentioned was a trap door by which access could be had to the cellar beneath. Somewhere near the middle of the store was a cider mill. On the east side of the store, along its south half, were benches and tools. There was a passageway through the center of the store from north to south, and double doors with windows in them at the rear. In that passageway next east of the north end of the apple bin and extending north as far as the trap door, stood an automobile awaiting repairs. The apples had been taken out of the south end of the apple bin near the south door. There were sample apples in the window in the north end of the store. There was no satisfactory proof that appellants were partners, as charged in the declaration, nor that Effie A. Stebbins was a part owner, but appellants' instructions assumed that both appellants were the owners of the store and that is practically conceded in the argument here. At the time of the accident two men were at work at or near the cider

mill, and Wilbur Stebbins, a nephew of the proprietors, was the clerk in charge. Isaac A. Petty was about 72 years old, and in the fall of each year engaged in the business of peddling apples, potatoes and cider, with the aid of a horse and wagon. About two days before the accident he came into the store and told Samuel L. Stebbins, one of appellants, that he was going to get another horse and wagon and peddle with two rigs and would want to buy some apples, and Stebbins told him to come. Isaac had a son, Irving Petty, who was going to assist him in peddling and who had worked in the same business and who had previously conducted that business. On the day above named, Isaac Petty went into the rear door of this store, saw that the south end of the apple bin was empty, and walked towards the front of the store. His purpose was to buy apples to supply the two wagons for peddling. At that instant two men were at work near the cider mill, but Wilbur Stebbins, the clerk, had opened the trap door and had gone down cellar to attend to the heating apparatus. Hearing a person walking above, Wilbur came up to the first floor, went north to where Petty stood in the main aisle and spoke to him. Petty asked if Samuel Stebbins was in and Wilbur replied that he was upstairs. There was a door about the middle of the store on the east side, which led upstairs, but Petty had never been upstairs. Just then another customer came in at the front door and Wilbur went north to wait upon that customer. Petty started to go to the apple bin to look at the apples. Because of the position of the automobile he could not readily go to the east side of the bin, but the nearest part of the bin was the north end, to reach which it was necessary to go around the north end of the automobile and across the open space above mentioned. The trap door began at the west wall and extended east 4 feet and was about 2½ or 3 feet wide. The stairway to the cellar began at the west side and went down to-

wards the east. When Petty had been in the store two days before he had been to the north end of the apple bin and he had crossed this open space and the trap door was then closed and he did not know of its existence. On this occasion Wilbur had left the trap door open when he came up from the cellar. The hinges were on the north side and it opened to the north. The evidence for appellee tended to show that that part of the store was dark and that the floor was dark. Petty had never worn glasses. He did not see the open trap door. In going across the open space to reach the north end of the apple bin he stepped into the east side of this hole and fell.

Appellants argue that because Petty did not tell Wilbur that he wanted to buy apples, and because the jury found specially that Wilbur did not have reason to believe that plaintiff would attempt to go to the apple bin and did not know that he would probably go to the apple bin, therefore appellants are not liable; but that Petty was either a trespasser or a mere licensee. We are of opinion that this case is governed by the principles laid down in Pauckner v. Wakem, 231 Ill. 276; Calvert v. Springfield Elec. Light & Power Co., 231 Ill. 290, and Franey v. Union Stock Yards & Transit Co., 235 Ill. 522. The time was during business hours. The store was open for business and appellants' servant, Wilbur Stebbins, was in control. The apples were in the bin for the purpose of sale. The main aisle and the side passageway were intended to be passed over by persons transacting business with the firm. Appellee was there for the purpose of buying apples from the firm. He had been invited by appellant, Samuel L. Stebbins, to come and get a supply of apples for his peddler's wagons. We are of opinion that there was an implied invitation to him to use these passageways for the purpose of inspecting the merchandise he was about to buy. If the automobile had not been there, he would probably have passed a little further

south and would have avoided the trap door. The presence of the automobile at that particular place made it necessary or at least reasonably convenient, for him to pass over the space occupied by the trap door, as he had done two days before. We are of opinion that appellants owed appellee the duty to exercise reasonable care to make the way reasonably safe where a passageway had been provided by them to go to the apple bin. Appellants introduced evidence tending to show that it was sufficiently light in that part of the store so that one could read a newspaper. The questions whether appellee exercised due care and whether appellants were negligent as charged were for the jury and were decided in appellee's favor.

Appellants contend that the court erred in admitting the conversation between appellee and Samuel L. Stebbins two days before. It was competent as showing, not only the implied invitation given to every customer who enters an open store during business hours, but also an express invitation to appellee to come there and buy apples of appellants. It is contended that the court erred in admitting proof that appellant, Samuel L. Stebbins, had twice fallen through this trap door before this accident. The evidence was entirely competent to show that he had actual knowledge of the danger, but the court excluded this evidence on motion of appellants.

The instructions given were in harmony with the authorities above cited. All that was competent in the instructions refused was contained in those that were given. Many of them were improper. Some of them sought to make the case turn upon the failure of appellee to tell Wilbur Stebbins that he wished to buy apples. We find no substantial error in the rulings upon the instructions. The special findings were in our judgment immaterial, being based upon the fact that Wilbur Stebbins did not know that appellee wished to buy apples.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*