ELLEN MᶜNALLY, Appellant, *v.* OAKWOOD (a Cemetery Corporation), Respondent.

Fourth Department, November 12, 1924.

**Negligence — action to recover for personal injuries suffered when plaintiff fell through trap door on defendant's premises — defendant, cemetery corporation, did limited retail business in sale of plants and flowers raised in its greenhouse and so advertised — plaintiff visited green house, made purchase, went to office and workroom to pay for it, walked down passageway to inspect cut flowers in cabinet and fell through open trap door — plaintiff was invitee generally — question of fact whether she was invitee in part of room where trap door was located — duty on defendant to use reasonable care — error to set aside verdict in favor of plaintiff.**

In an action to recover damages for injuries suffered by the plaintiff when she fell through an open trap door on defendant's premises, it was error for the court to set aside a verdict in her favor, since it appears that the defendant, a cemetery corporation, owned and operated a greenhouse and did a limited retail business in the sale of flowers and plants and so advertised to the public; that the plaintiff went to the defendant's greenhouse and purchased some flowers and then went to its office and workroom in the rear of the greenhouse to wait until the flowers could be wrapped; that while she was waiting she walked down a short passage between a desk and a wall of the room, for the purpose of inspecting some cut flowers which were in a cabinet near a window, and while passing along this passageway she fell through an open trap door which was not protected by a guard or warning sign.

The plaintiff was a general invitee on the premises of the defendant since it appears that the defendant advertised, by signs displayed, to sell plants and cut flowers, and whether or not she was an invitee, as to the part of the room where she was injured, was a question of fact for the jury.

The plaintiff, who went to the defendant's place of business, remained an invitee while there and the duty was cast upon the defendant to use reasonable care to see that she was not exposed to any unnecessary danger while moving about the place in a way that might reasonably be expected. The plaintiff was entitled to a reasonable freedom, having come on the premises at the invitation of the defendant, to examine and inspect goods offered for sale, and if the defendant wished to prevent her from going to certain parts of its premises, it should have warned her against the peril of so doing.

CLARK, J., dissents, with opinion.

APPEAL by the plaintiff, Ellen McNally, from an order of the Supreme Court, made at the Onondaga Trial Term and entered in the office of the clerk of the county of Onondaga on the 26th day of February, 1924, setting aside the verdict of a jury for $6,500 in favor of the plaintiff, and granting a new trial.

*Olmsted, Van Bergen & Searl* [*A. Lee Olmsted* of counsel], for the appellant.

*Williams & Cowie* [*Daniel Scanlon* of counsel], for the respondent.

DAVIS, J.:

The defendant, a cemetery corporation owning a large greenhouse, was doing a somewhat limited business in the sale of plants and flowers. To its premises at times came customers who examined and selected such as they desired to purchase. This they were invited to do by signs displayed offering plants and cut flowers for sale. Having made selection, customers often went to an office and workroom in the rear to pay for their purchases and to have them wrapped for carrying.

This office contained a desk and tables or counter. To the right was a short passageway between the desk and wall. It led to a window where behind glass some cut flowers were standing in vases.

The verdict in plaintiff's favor permits the further statement of facts that on March 30, 1923, the plaintiff visited the greenhouse with her brother-in-law and two small boys. They selected plants and passed into the office to pay for them and have them wrapped. Plaintiff was waiting for these transactions to be concluded, when her attention was attracted by the flowers in the "cabinet." Desiring to examine them with an intent to purchase, she walked along the short aisle that led to them. It was somewhat dark in the room at the time, but the way appeared to her clear. She had never been there before. Just as she reached the point where the flowers were displayed and was about to examine them, she fell through an open trap door at the left into the cellar, receiving serious injuries. There was no guard or warning sign.

There seems to be no dispute but that plaintiff was an invitee upon the premises in general. The defendant, however, has consistently urged throughout that she was not an invitee in the particular part of the room where she was injured, and that never before had customers wandered so far from the desk, and it could not reasonably have anticipated that plaintiff would be led into such a position. It says these flowers in vases were not for sale and this " cabinet " was merely a cold box back of a window for storage and preservation of flowers cut for future use.

There was nothing to indicate these purposes to plaintiff. It is commonly known that florists display in cabinets or show cases cut flowers in vases which they offer to intending customers or visitors for sale. To be sure, the place selected, if it was for display, was crude and inartistic. So were the other fittings of this office and workroom. The sale of plants and flowers at retail was not defendant's principal business. But the testimony and photographs fairly indicate conditions which to one ordinarily familiar with other florist shops, would invite a customer to make inspection. The sign already mentioned advertising cut flowers for sale was confirmatory. The passageway was the only way to reach the flowers thus displayed.

Persons occupying real property for business purposes who invite others to visit their premises are as a general rule required to exercise reasonable prudence in the care thereof, so that visitors will not be unreasonably exposed to danger. (*Hart* v. *Grennell,* 122 N. Y. 371; 29 Cyc. 453.)

It often happens that persons chiefly engaged in the sale of goods at wholesale without any special effort to attract retail trade, do permit small sales to customers upon their premises. It then becomes a question of fact as to whether one going to make a small purchase into such an establishment is an invitee upon different parts of the premises which are not ordinarily used in serving the persons making such purchases at retail. The duty of care varies in view of the circumstances, and the owner of the business does not need to give that careful attention to all parts of his premises, as would those who make an effort to attract many customers to goods displayed in all parts of their store.

But the customer coming to such a place remains an invitee and the duty is cast upon the owner to use reasonable care to see that he may move about on his errand as might reasonably be expected, without unnecessary danger.

Trap doors, excavations and obstructions have been not infrequent sources of injury to customers while doing business upon the premises of another. Sometimes in cases like this where retail

trade was but an incident of the general business conducted, the courts in this and other jurisdictions have permitted recovery where an invitee has received the injury through the negligence of the owner, determined as a question of fact. There must be granted to the customer a reasonable freedom to examine and inspect goods offered for sale; or he must be warned of peril, if it is sought to restrict his movements where otherwise he would be likely to go. (*Sunderlin* v. *Hollister*, 4 App. Div. 478; *Cheifetz* v. *Hills*, 86 Misc. Rep. 7; *Gallagher* v. *Halpern*, 95 id. 185; *Petty* v. *Stebbins*, 164 Ill. App. 439; *Christopher Co.* v. *Russell*, 63 Fla. 191; *McDermott* v. *Sallaway*, 198 Mass. 517; *Kean* v. *Schoening*, 103 Mo. App. 77; *MacDonough* v. *Woolworth Co.*, 91 N. J. L. 677.)

The questions of defendant's negligence and plaintiff's contributory negligence were carefully submitted to the jury under proper instructions. The verdict determined that plaintiff as an invitee upon the premises was in exercise of her rights, and that her injury was due to the defendant's lack of due care. The verdict was not contrary to law or against the weight of evidence. We cannot say the verdict was excessive.

We find no sound reason why this verdict should have been set aside; and the order should, therefore, be reversed on the law and facts, the verdict reinstated and judgment ordered for plaintiff thereon, with costs.

HUBBS, P. J., SEARS and CROUCH, JJ., concur; CLARK, J., dissents in an opinion and votes for affirmance.

CLARK, J. (dissenting):

I am unable to concur in the reversal of the order appealed from.

Plaintiff sustained injuries as the result of falling into a cellar stairway in the back room used as a workroom and office in connection with a greenhouse which defendant maintained at its cemetery in the city of Syracuse.

This office or workroom is in the rear of the main greenhouse and it is used, among other things, for wrapping up plants that had been purchased by customers in the greenhouse proper.

This rear room is eighteen feet long and seventeen feet wide. On the north side there is a window, and the lower half opened into a box or compartment where flowers are occasionally kept for the purpose of keeping them cool. In the floor of the room in front of this window is a stairway leading to the cellar, and that stairway is used exclusively by defendant's employees. There is a drop door fastened on the north side by hinges and it can be closed over the stairway, and when closed would be on the level of the floor, but when it is open it can be fastened against the north wall

of the room. One side of this stairway is the north wall of the room, and the other side is the rear of a table which reaches out toward the center of the room.

The stairway described is the only inside way of reaching the cellar where the heating plant for the greenhouse is located.

It is not claimed that there was any defect in the stairway or the floor; the only negligence claimed by plaintiff is defendant's alleged failure to properly guard or light this stairway.

On the day of the accident plaintiff in company with some relatives went to defendant's greenhouse between four and five o'clock in the afternoon for the purpose of selecting some plants. It was plaintiff's first visit to this greenhouse. They selected two plants, and she followed her brother-in-law into the rear room where he took them to be wrapped up. It was a cloudy day and not very light in the room, and electric lights were not burning. While the workman was doing up the plants that plaintiff and her relatives had purchased, she discovered in the window above referred to some flowers, and she went around back of the table or counter where the plants were being wrapped to look at them.

These flowers were not for sale, and the evidence does not disclose any conversation between plaintiff and the man in charge of the greenhouse with reference to them. They were there and plaintiff was evidently curious to get a better view of them than she had while standing in front of the desk or table, and so she went around behind it in a place never entered, so far as the evidence discloses, by persons other than defendant's employees. And while going toward the flowers her left foot went down into this cellar opening, she fell down the stairs and was injured.

When plaintiff first discovered these flowers standing in this window which was used as a cooler, she was in front of the counter or table, and went around the end of it and behind it and walked toward the flowers.

She testified that she looked at the floor as she was going around the table, and observed no obstruction and did not see the drop door open. She kept her eyes on the flowers and not on the place where she was walking.

There was no evidence of any custom of patrons of the greenhouse going around back of the desk to examine flowers that were occasionally left in this cooler, but the evidence is that the place behind the desk was used by employees exclusively.

If a person should go in a store for the purpose of making purchases, and had made them, and while they were being wrapped up by the salesman the customer should discover an article on the shelf behind the counter that arrested her attention, and she,

without inquiring about the article or asking to have it shown to her, should assume to leave her place of safety in front of the counter and go behind it and past the clerk, keeping her eyes on the article, and not on the place where she was traveling, and she fell into a hole, or stumbled over an obstruction, and received injuries, it would present a situation quite similar to the one in question.

In the present case in proceeding from a point in front of the table where she had been standing to the place where the flowers were kept, plaintiff went around the end of the desk or table where the workman was doing up the plants, and followed a narrow aisle between a clothes cabinet and this table to the head of the stairway.

Plaintiff's errand at the greenhouse had been completed before the accident, her purchases were being wrapped, and while that was being done she of her own volition and apparently out of curiosity, and without making any inquiry whether the flowers she saw were for sale, walked through this narrow aisle behind the desk where the salesman was working for the purpose of getting a better view of these flowers which were not for sale, and which she had no intention of purchasing.

From the evidence the jury could find that plaintiff was at the greenhouse for a legitimate purpose, and while she was in the greenhouse proper, or in front of the desk where the plants were being wrapped for her, where she had followed the salesman, defendant undoubtedly owed her the duty of reasonable care to keep the premises at that point in a reasonably safe condition so that she would not be unnecessarily exposed to danger. (*Constantino* v. *Watson Contr. Co.*, 219 N. Y. 443; *Ford* v. *Wanamaker*, 165 App. Div. 284.)

If this open stairway where plaintiff fell had been out in front of the desk or counter where customers were liable to be walking, a different situation would have been presented, but the stairway in question was back of the counter and in order to reach it plaintiff was obliged to go around the end of the counter and through a narrow aisle, which was not designed for the use of defendant's customers and had never been so used. She was not invited to go there by any act or word of defendant's employee.

The fact that a person enters a place of business as a customer does not give him a right to expect that every part of the premises shall be so arranged and kept that he may be in safety. It is only those parts where the customer is expected to be that the owner must keep in a safe condition. (29 Cyc. 458; *Seel* v. *City of New York*, 179 App. Div. 659.)

Even an implied invitation to a customer does not extend to

every part of the owner's premises. It is only to such parts as would ordinarily be used by a customer in carrying out the purpose for which he entered the premises.

When plaintiff left a place of safety in front of the counter and went behind it for no purpose connected with her errand at the greenhouse, but simply to gratify her curiosity and get a better view of some flowers which she did not intend to purchase, and which were not for sale, when she was engaged in that enterprise she was a mere licensee, and defendant did not then owe her the duty of ordinary care. (*Vaughan* v. *Transit Dev. Co.*, 222 N. Y. 79; *Robinson* v. *Crimmins*, 120 App. Div. 250; *Hart* v. *Grennell*, 122 N. Y. 371.)

The proximate cause of this accident was not in any defect of the stairway or floor, or the fact that the room was not lighted by electricity at the time of the accident. It occurred on the thirtieth day of March about four-thirty o'clock in the afternoon. Of course, it could not have been very dark at that time, but it was a cloudy day, and if it was dark as plaintiff claimed, that fact required her to exercise greater care for her own safety in a place where she went of her own volition and without invitation either express or implied of this defendant. (*Rohrbacher* v. *Gillig*, 203 N. Y. 413.)

How could it be said that defendant might have anticipated such an accident as that which befell the plaintiff? It had no article for sale in this rear room where the plants were wrapped, and it would be unreasonable to assume that it would anticipate that a customer would leave a place of safety and go prowling around behind its counter without invitation and after her business was completed, and there meet with an accident.

In *Pollett* v. *Long* (56 N. Y. 200), Judge GROVER, writing for the court, said: " The party is liable for the natural and probable consequence of his wrongful act or omission, but not for those which are remote and speculative."

In view of the undisputed evidence in this case, that the place where plaintiff fell was not one that was used by defendant's customers, but was used exclusively by its employees, and that there never had been a previous accident at that place, such a misfortune as befell plaintiff could not have been reasonably anticipated.

In order to hold defendant liable plaintiff's accident must have resulted from some wrongful act or omission of defendant which according to common experience it might have reasonably anticipated. (*Beetz* v. *City of Brooklyn*, 10 App. Div. 382; *Hall* v. *New York Telephone Co.*, 214 N. Y. 49.)

Under the facts as disclosed here I do not think that defendant

in the exercise of reasonable care would have anticipated that a woman of mature years, like this plaintiff, would leave a place of safety where her purchases were being wrapped, and would wander back of the counter and through a narrow aisle on an enterprise wholly disconnected with her errand at the greenhouse. If she had stayed out in front of the counter where she was standing when the workman was wrapping up her plants, she would have been in a place of safety. By going around in the rear of the counter in a place where she had no legitimate errand merely to satisfy her curiosity with reference to flowers which were not for sale, and which she had no idea of purchasing, she took her chances and assumed the risk of the enterprise.

The verdict was contrary to and against the weight of the evidence on the questions submitted to the jury, and the order setting it aside and granting a new trial should be affirmed, with costs.

Order reversed on the law and facts and verdict reinstated, with costs.