**Kathryn Dowling, Appellee, v. MacLean Drug Company, Inc., Appellant.**

**Gen. No. 32,204.**

Opinion filed March 29, 1928.

KIRKLAND, PATTERSON & FLEMING, for appellant; JAY FRED REEVE and WILLIAM H. SYMMES, of counsel.

THOMAS J. FINNEGAN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the case, brought by Kathryn Dowling, as plaintiff, against MacLean Drug Company, Inc., a corporation, as defendant. The declaration is contained in one count, which avers that plaintiff was rightfully upon the premises of defendant; that it was the duty of defendant to exercise all due care and caution for plaintiff's safety while on its said

premises; that defendant in disregard of its duty negligently and carelessly placed or caused to be placed a certain scale or weighing machine on the floor of its premises, which by reason of the negligence of defendant, etc., protruded and extended on and into a certain aisle or lane used by persons lawfully upon the premises, and that on, to wit, February 11, 1925, while plaintiff with all due care and diligence was passing over said aisle or lane, she did then and there stumble and fall onto and over a foot platform of the scale or weighing machine aforesaid, and was thrown with great violence upon the floor of defendant's premises by means whereof her right shoulder was broken and her right arm dislocated, and she was otherwise injured, etc., claiming that she was damaged in the sum of $10,000.

To this declaration defendant interposed a plea of the general issue. On the issues thus joined there was a trial before court and jury resulting in a verdict in favor of plaintiff for $2,500 damages, upon which, after overruling motions for a new trial and in arrest of judgment, judgment was entered, and defendant brings the record here by appeal. No questions arise on the pleadings, neither is it argued or claimed that the amount of the verdict, if plaintiff is entitled to recover at all, is excessive. However, defendant urges as reasons for reversal that a verdict should have been directed on the ground that the defendant was not guilty of negligence and plaintiff failed to exercise ordinary care, and also that the verdict is against the manifest weight of the evidence.

Defendant in its brief sets out the premises with the environment of the place where the accident occurred, which we adopt in this opinion as a reasonable statement of the situation:

"Defendant's store was located at the northeast corner of Broadway and Wilson avenue. There was an entrance at the corner of Broadway and Wilson avenue and there was another entrance about thirty

feet east of Broadway on Wilson avenue. The door to this entrance extended back about six feet from the sidewalk line, each side of the aisle to this door from the sidewalk line being of glass. Even with this door there was woodwork running to the east wall against which were telephone booths. West of the door for a distance of about three and a half feet there was light brown woodwork, then there was a turn to the south and then a turn to the west, this wall forming the back of the front windows on Wilson avenue. Extending from Broadway towards the telephone booths was an aisle bounded on the south side by the cigar counter (about thirty feet long), the aforesaid three and a half foot wall to the door, the door, and then the wall extending between the door and the telephone booths. On the north side of this aisle was the soda fountain, candy counter and kodak counter. Up against this three and a half foot wall between the cigar counter and the Wilson avenue door was the scale. This wall to the south was about eighteen feet high, formed of a brown mahogany for ten feet up and above that, glass for eight feet, through which natural light came in. The Wilson avenue door was also of glass.

"The back end of the scale extended up over six feet and at the top having a dial with a glass front through which you could see 'the works in it and the brass figures on it,' and the dial was about three feet in diameter * * *. The base of the scale extended about two feet beyond the south wall into the aisle. * * * Above this aisleway there was a 200-watt bulb which, if it had been let down to the floor would have been about two feet from the scale and which was about ten feet above the scale. There were two 75-watt lamps above the candy case which, if they had been let down would have been eight to ten feet from the scale and which were about three feet above the scale. These lights were bright. The floor was of white tile with brown spots in it, the brown spots being about the size

of a penny   *   *   *.   The foregoing facts are undisputed.''

The court did not err in denying defendant's motion for a directed verdict at the conclusion of plaintiff's case, or at the conclusion of all the evidence, because, from a careful examination of the testimony, we find that the questions arising upon such motions were not of law but of fact, and therefore under our practice and the decisions of our Supreme Court should have been submitted to the jury for determination, for whether or not defendant was guilty of negligence, or plaintiff did not exercise ordinary care for her own safety, were facts for the jury to determine.

It appears by the evidence without contradiction that plaintiff was an invitee upon the premises of defendant in its drug store, and had gone there for the purpose of telephoning from one of the telephone booths which defendant maintained in its store, and it is also undisputed that plaintiff tripped and fell over the base of the scale or weighing machine, and that she sustained a fracture of the surgical neck of the humerus of her right arm as a result of the trip and the fall. The negligence does not rest in the maintaining of the scale or weighing machine in the premises of defendant at the place where it was, but in maintaining the scale with a base extending about two feet beyond the south wall into the aisle through which plaintiff was walking when she tripped and fell and was injured as above stated. At the time she fell she was on her way to the telephone booth walking in an aisleway, which, but for the protrusion of the base of the scale, was unobstructed, and the lack of ordinary care for plaintiff's own safety is predicated by defendant upon the fact that she did not see the protrusion of the scale over which she tripped, and this it argues in its reply brief. While the presence of the scale was obvious to plaintiff, the protrusion out into the aisle over which she tripped was not obvious, and not anticipating the ob-

struction and, therefore, not looking for it, it was the cause of her fall. While she saw the scale, it was not a failure to exercise due care on her part to assume that there was no obstruction in her path, neither was it a failure to exercise due care in not looking upon the floor for the obstruction, which she unexpectedly encountered. She was walking along a passageway upon which patrons in the store were invited to walk on their way to the telephone booths. It cannot be said, as a matter of law, that she failed to exercise due care in stumbling over the projection. That was a question of fact for the jury, which they have settled by their verdict.

It is true that there is some conflict in the evidence as to how the accident happened. If the proof of plaintiff standing alone is sufficient to sustain the verdict of the jury, then we are not permitted under the law to disturb that verdict, unless we can say that, all the evidence considered, the verdict is manifestly contrary to its probative force. It is the province of the jury to pass upon the credibility of the witnesses, their manner of testifying from their observation of them upon the witness stand, and therefrom to judge as to which of the witnesses were more entitled to credit and to give credit accordingly. In the circumstances environing this court we cannot see the witnesses, nor observe their manner or disposition, nor from their actions judge of their credibility or lack of credibility. These privileges the jury had, and under such circumstances we are not permitted to disturb the conclusion to which they arrived.

It is apparent that plaintiff was rather shifty in giving her testimony and in some points it is incongruous and contradictory. However, there is a sufficiently coherent story given by her, which if believed by the jury would sustain her right of recovery. The jury probably concluded that these little contradictions were the result of the skilful examination of the witness by de-

fendant's counsel, which may have created some little confusion in plaintiff's mind. This likewise the jury observed, and not unreasonably they gave credence to the substantial facts detailed by her in her testimony, which sustained her right to recover. This testimony received support from other witnesses, who testified in her behalf, which, the jury believing, would justify the verdict they found for the plaintiff.

Defendant cites *Offutt v. World's Columbian Exposition,* 175 Ill. 472, to sustain its contention that the verdict should have been directed upon its motion. A careful perusal of this case rather leads us to a contrary view. In the *Offutt* case the verdict was directed against the plaintiff on motion of defendant, and for so doing the judgment was, by the Supreme Court, reversed and the cause remanded for a new trial. The court in discussing the question said, *inter alia,* quoting from the opinion of Mr. Justice Scholfield in *Bartelott v. International Bank,* 119 Ill. 259:

" 'It is apparent that "evidence tending to prove" means more than a mere scintilla of evidence, but evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of the plaintiff or the party producing it. It is not intended by this practice that the function of the jury to pass upon questions of fact is to be invaded, any more than it is intended that such function is to be invaded by a motion to set aside a verdict and for a new trial upon the ground of the want of evidence to sustain the verdict. In neither case is the court authorized to weigh the evidence and decide where the preponderance is.' See, also, *Siddall v. Jansen,* 168 Ill. 43, and *Rack v. Chicago City Railway Co.,* 173 id. 289.

"It is clear from the cases cited, and others, that what is called the 'scintilla rule of evidence' is not in force in this State."

And in further discussing motions to direct a verdict, said:

"It is true that such motions are not to be regarded with favor. The province of the jury must not be invaded, (*Frazer v. Howe,* 106 Ill. 563), and where reasonable minds, acting within the limitations prescribed by the rules of law, might reach different conclusions the evidence must be submitted to the jury. For a comprehensive review of this question see 6 Ency. of Pl. & Pr. 667, and 2 Thompson on Trials, 1595."

We think that the duty that defendant owed to plaintiff in the instant case is well stated in *Petty v. Stebbins,* 164 Ill. App. 439, where it is said:

"We are of opinion that appellants owed appellee the duty to exercise reasonable care to make the way reasonably safe where a passageway had been provided by them to go to the apple bin. Appellants introduced evidence tending to show that it was sufficiently light in that part of the store so that one could read a newspaper. The questions whether appellee exercised due care and whether appellants were negligent as charged were for the jury and were decided in appellee's favor."

This case is very similar on the facts to the case at bar, if you substitute "telephone booth" for "apple bin."

*McNeil v. William G. Brown & Co.,* 22 Fed. (2d) 675, was a case of a directed verdict for defendant, which the court of appeals reversed and sent back to the trial court for a new trial.

In *View v. Metropolitan West Side El. Ry. Co.,* 166 Ill. App. 154, the court said:

"The law does not charge one with anticipating dangerous and negligent conditions, but he may assume that others have done their duty to give proper warnings of hidden dangers. *C. C. Ry. Co. v. Fennimore,* 199 Ill. 9."

And on this subject the court further said:

"The same precautionary means requisite to relieve a party from the charge of negligence when he ap-

proaches known places of danger, or places where danger may be apprehended, may not be required of him when he has no occasion to suppose that danger may be encountered. *McRickard v. Flint,* 114 N. Y. 222.''

We think this particularly applicable to the instant case. Plaintiff had no reason to apprehend the danger which encountered her, and therefore did not cast her eyes to the foot of the scale which protruded into the aisle where she was walking, over which she tripped and fell. In her testimony she said that ''she did not think there was anything there. You are not looking at the floor for things all the time in a public place like that. I just simply fell over it.''

A case on fact and principal to the one at bar will be found in *Nye v. Louis K. Liggett Co.,* 224 Mass. 401, which was an action for personal injuries sustained by the plaintiff by falling over the low base of an upright weighing machine in the drug store of defendant. Error was assigned on the refusal of the trial judge to give an instruction reciting the facts which virtually instructed a verdict for the defendant if followed by the jury. In affirming this action of the trial court, the court said *inter alia:*

''The plaintiff was lawfully in the store, and while there the defendant owed her the duty to use ordinary care to keep the premises in a reasonable safe condition for her use as a customer. * * * It sold soda, drugs and the articles usually dealt in by the proprietor of a retail drug store, and the jury could find from the evidence which included the plan, that when viewed in connection with the volume of patronage as described by her the weighing machine over which the plaintiff stumbled and fell as she turned from the soda counter to pass out of the store, had been placed too near the entrance to permit customers to make their exit safely, and that the defendant in the exercise of due care should have discovered this probable danger

and removed the machine. While the case is close we cannot say as matter of law that there was no evidence for the jury of the defendant's negligence.   *   *   *   It is further contended that the plaintiff was negligent.   *   *   *   This question was for the jury, who were to determine whether the presumption of her due care had been overcome by all the evidence, with the burden of proof on the defendant.''

*Bloomer v. Snellenburg,* 221 Pa. 25, is to like effect, and there are many others.

In *Krieger v. Aurora, E. & C. R. Co.,* 242 Ill. 544, cited by both parties, the court said:

''But all the puzzling refinements as to degrees of care have been done away with in this court, and the accepted rule is, that if one exercises the degree of care required of him under the circumstances he is guilty of no negligence, but if he fails to do so he is guilty and cannot recover.''

We think the plaintiff was, under the foregoing definition, in the exercise of such degree of care as entitled her to succeed in this action.

We find no error warranting a reversal of the judgment of the circuit court, and it is therefore affirmed.

*Affirmed.*

TAYLOR, P. J., and WILSON, J., concur.