BETTY M. STEINHAUER, Plaintiff-Appellant, v. ARNIE BAUER CADILLAC COMPANY, Defendant-Appellee.

First District (4th Division)   No. 87—1809

Opinion filed June 30, 1988.

B. John Mix, Jr., of Chicago, for appellant.

Thomas P. McLaughlin, of Hoffman Estates (Terrence J. Quane, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Betty M. Steinhauer, appeals from an order of the circuit court of Cook County which granted summary judgment in favor of defendant, Arnie Bauer Cadillac Co. Plaintiff initiated this action to recover damages for personal injuries sustained when she struck her head on a protruding ledge in defendant's business establishment. The trial court determined that there was no genuine issue of material fact and granted defendant's motion for summary judgment. Plaintiff appeals from that order, raising for review the single issue of whether the trial court erred in granting summary judgment in favor of defendant.

We reverse.

On March 31, 1984, plaintiff was a patron at defendant's automobile dealership. While on the premises, plaintiff was directed to seat herself in a chair which was located near a half-wall in the sales office. In doing so, she struck her head on a ledge which protruded from the top of the aforementioned wall. Thereafter, plaintiff filed the underlying action, sounding in negligence, to recover damages for her personal injuries. Defendant denied that it was negligent and asserted that plaintiff was contributorily negligent for failing to keep a proper lookout for her own safety.

Subsequently, defendant moved for summary judgment, arguing, in essence, that the chair and surrounding structures were clearly visible and obvious, thus negating any duty it may owe to plaintiff. In

addition, defendant argued that section 8—1801 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 8—1801) precluded recovery in this instance. The trial court found, after viewing photographs, that the ledge on which plaintiff struck her head was obvious and granted summary judgment in favor of defendant.

Plaintiff appeals, contending that the trial court erred by granting defendant's motion for summary judgment. She urges that neither of the bases relied upon by defendant as support for its motion warranted the issuance of summary judgment. She asserts first that section 8—1801 of the Code of Civil Procedure relates to suits against building contractors—not operators of real property—and, therefore, does not apply to the instant matter. Section 8—1801 provides, *inter alia*, that any work or service performed on real property which does not cause injury or property damage within six years shall be presumed to have been "performed, manufactured, assembled, engineered or designed with reasonable care by every person doing any of such acts." (Ill. Rev. Stat. 1983, ch. 110, par. 8—1801.) While we are in agreement with plaintiff as to this section's inapplicability here, we shall not address this issue since the trial court did not base its order of summary judgment on this statute.

The trial court predicated its order on its finding that the ledge was an obvious danger. Plaintiff contends that summary judgment entered on this basis was in error. She argues that a genuine issue of material fact exists as to whether the ledge was obvious.

■ It is well established that in reviewing an order for summary judgment the scope of our review is limited to determining whether "the pleadings, affidavits and depositions on file reveal that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Murphy v. Urso* (1981), 88 Ill. 2d 444, 464; see also *Beals v. Huffman* (1986), 146 Ill. App. 3d 30, 36; *Mason v. Caterpillar Tractor Co.* (1985), 139 Ill. App. 3d 511, 516; *Yusuf v. Village of Villa Park* (1983), 120 Ill. App. 3d 533, 540; *Moran v. Aken* (1981), 93 Ill. App. 3d 774, 777.

■ It is equally well established that "the liability of a possessor of land [to invitees] cannot merely be predicated upon proof of a dangerous condition on the premises, there must also be proof that the condition was a latent or concealed one, or was existing under circumstances in which it would not be expected to be discovered by the invitee." (*Longnecker v. Illinois Power Co.* (1978), 64 Ill. App. 3d 634, 639-40; see also *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 468; *Hutter v. Badalamenti* (1977), 47 Ill. App. 3d 561, 563; Restatement (Second) of Torts §343 (1965).) Here, plaintiff charges that

defendant's liability is predicated on the existence of a dangerous condition which defendant could not have expected her to discover or realize. However, we are not concerned here with whether the ledge posed so obvious a danger that plaintiff should have discovered and realized it. The pivotal inquiry before us is whether this determination is a question of law or of fact.

Plaintiff relies on *Dowling v. MacLean Drug Co.* (1928), 248 Ill. App. 270, in support of her contention that the determination of the obviousness of a dangerous condition is a factual question. In *Dowling*, the plaintiff, who was an invitee of the defendant's business concern, was injured when she tripped and fell over the base of a scale which projected two feet into the otherwise unobstructed aisle. After a jury verdict in favor of the plaintiff, the defendant moved for a judgment in its favor notwithstanding the verdict. In its motion the defendant argued that the scale was obvious and that the plaintiff had not exercised ordinary care for her own safety. This court affirmed the trial court's denial of the motion by defendant for judgment *n.o.v.*, holding that whether defendant was negligent or plaintiff failed to exercise due care was a question of fact for the jury, which the jury had settled by their verdict. *Dowling*, 248 Ill. App. at 275.

However, different results were reached in *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, and *Longnecker v. Illinois Power Co.* (1978), 64 Ill. App. 3d 634. In *Genaust*, the plaintiff, an invitee, was installing a steel tower and antenna for the defendant company that possessed the land. He was injured when he was struck by an electric current which had arced from uninsulated power wires which passed near the boundary of the defendant's property. Our supreme court affirmed the dismissal of five of the six counts of the complaint, including the one premised on the negligence of the defendant possessor of the land. Similarly in *Longnecker*, the court reversed the trial court's denial of motions by the defendant for a directed verdict and for judgment *n.o.v.* The jury returned a verdict in favor of the plaintiff, who was injured when he fell from the defendant's pole while installing television cable. We found that the defendant had no obligation to protect the plaintiff, an invitee, against the danger of falling presented by a patch of decayed or weakened wood on the pole.

The distinguishing characteristic in both *Genaust* and *Longnecker* is that these plaintiffs were conducting inherently dangerous activities in which they averred to be sufficiently skilled to perform safely and were injured as a result of the type of danger inherent to their trade. Thus, these courts reasoned that the defendants were relieved of their duty to protect these invitees because the defendants could reasonably

expect that the plaintiffs would have discovered the dangerous condition and would have realized the significance thereof. Such was not the situation in *Dowling v. MacLean Drug Co.* (1928), 248 Ill. App. 270, or in the instant action.

In the instant action, as in *Dowling*, the plaintiff cannot be charged with having entered the defendant's property to conduct an activity which by its nature would have put her on notice of a potential danger. She was merely performing a common act at the invitation of defendant when she was injured. Therefore, we find that the decision in *Dowling* is controlling here, and the determination of whether the ledge on which plaintiff struck her head was so obvious that defendant could reasonably expect her to discover it and realize its danger is a question of fact. Accordingly, the entry of summary judgment was inappropriate in this instance.

For the foregoing reasons, the order of the circuit court of Cook County is reversed.

Reversed.

JIGANTI, P.J., and McMORROW, J., concur.