VINCENT NALLY *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHI-
CAGO *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—88—2659

Opinion filed October 19, 1989.

James P. Nally, of Rallo & Tepper, of Chicago, for appellants.

Raymond R. Pesavento, of Bullaro & Carton, Chartered, of Chicago, for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, Vincent and Roseann Nally, sued to recover damages for injuries sustained when Vincent Nally suffered hearing loss from exposure to ground aircraft noise at O'Hare International Airport. The defendants filed a section 2—615 motion to dismiss the complaint on the grounds that no duty existed because the danger posed by the noise was open and obvious. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) The trial court granted the defendants' motion to dismiss, and the plaintiffs have appealed. They contend on appeal that the trial court erred in dismissing their complaint for failure to state a cause of action and in denying their motion to file an amended complaint.

The complaint alleged that Vincent Nally was a telephone repairman assigned to repair telephones in and around terminals, runways and other areas of O'Hare airport. His duties required that he travel to and from various parts of the airport, "including across and through and on airport runways and taxi strips." The defendants issued Nally a pass to travel in these otherwise restricted areas and were aware of his presence in those areas. Several aircraft also traveled on the runways and taxi strips, frequently generating excessive and dangerous levels of noise.

On February 13, 1985, Nally was in his repair truck "on or near the main airplane taxi strip" in transit to an assignment on airport premises. At that time, a large jet aircraft passed down the main airplane taxi strip "revving its engines and thereby creating a dangerous and excessive level of noise." The noise caused Nally to experience a sudden popping sensation in his ears with a subsequent loss in hearing capacity.

The complaint contained five counts. Count I sounded in negligence and alleged that the defendants breached the duty of care owed to Nally by failing to warn him of the excessive noise levels, by failing to prevent him from entering dangerous areas and by issuing him a pass to travel in areas restricted because of the dangerous levels of noise. Count II alleged willful and wanton misconduct, count III alleged breach of a statutory duty to maintain the airport in a reasonably safe condition and count IV alleged strict liability based on ultrahazardous activity.[1] Count V alleged loss of consortium by Vincent Nally's wife Roseann Nally.

The defendants filed a section 2—615 motion to dismiss the complaint on the basis that no duty existed because the danger posed by ground aircraft engine noise was open and obvious. Following a hearing on the motion, the trial court dismissed the complaint. The plaintiffs subsequently filed a motion to reconsider, or in the alternative, to vacate the dismissal order with leave to file an amended complaint. The amended complaint attached to the motion cited the Premises Liability Act (Ill. Rev. Stat. 1985, ch. 80, par. 301 *et seq.*) and contained additional allegations that the defendants did not provide Nally with equipment sufficient to guard against excessive noise levels and failed to give notice of the conditions to persons entering the restricted areas. The amended complaint further alleged that Nally had no knowledge that a jet aircraft would be revving its engines and creating a dangerous and excessive level of noise in the area where he was located at the time of the occurrence and that he would not have entered that area had he known of the excessive and dangerous levels of noise. The trial court denied the plaintiffs' motion for leave to file the amended complaint.

The plaintiffs first contend that the trial court erred in dismissing the complaint on the grounds that no duty existed because the danger posed by ground aircraft engine noise was open and obvious. The plaintiffs make two arguments in support of this contention. First, they maintain that the question of whether the danger was so obvious that the defendants could have reasonably expected Vincent Nally to discover and appreciate it was a question of fact which should not have been determined on a motion to dismiss. Second, they argue that even if the danger was open and obvious, the defendants should have anticipated that Nally acting as a reasonable person would have pro-

---

[1]The plaintiffs have presented no argument on appeal regarding the dismissal of the strict liability count and have therefore waived review of count IV for purposes of this appeal. *Zimring v. Wendrow* (1985), 137 Ill. App. 3d 847, 848, 485 N.E.2d 478.

ceeded to encounter it despite the obviousness of the danger.

In support of the first argument, the plaintiffs cite *Steinhauer v. Arnie Bauer Cadillac Co.* (1988), 172 Ill. App. 3d 314, 526 N.E.2d 577. In *Steinhauer*, the plaintiff was directed to seat herself in a chair located near a half wall in the defendant's sales office. As she did so, she struck her head on a ledge which protruded from the top of the wall. The trial court granted summary judgment in favor of the defendant on the grounds that the danger posed by the ledge was obvious. The appellate court reversed, holding that the determination of whether the ledge was so obvious that the defendant could reasonably expect the plaintiff to discover it and realize its danger was a question of fact and that summary judgment was therefore inappropriate.

■ We agree with the proposition stated in *Steinhauer* that the degree of care exercised by the plaintiff and the obviousness of the danger are ordinarily questions of fact. However, such questions of fact may be decided as a matter of law where reasonable men of fair understanding could not disagree as to the conclusions resulting from the facts. *Morrison v. Forest Preserve District* (1987), 155 Ill. App. 3d 687, 689, 508 N.E.2d 312.

■ The case at bar is clearly distinguishable from the fact situation presented in *Steinhauer*. In reaching its determination that the obviousness of the danger was a question of fact, the *Steinhauer* court noted that "the plaintiff cannot be charged with having entered the defendant's property to conduct an activity which by its nature would have put her on notice of a potential danger. She was merely performing a common act at the invitation of [the] defendant when she was injured." (*Steinhauer*, 172 Ill. App. 3d at 318, 526 N.E.2d at 579.) In contrast, the plaintiffs here alleged that Vincent Nally's job required him to drive a truck across the runways at O'Hare airport. Given the open and obvious nature of the noise emitted by large jet aircraft and the potentially dangerous setting in which Nally worked, we believe that as a matter of law the plaintiff in the exercise of due care would have been able to discover and appreciate the danger. Thus, no duty existed. *Sepesy v. Archer Daniels Midland Co.* (1981), 97 Ill. App. 3d 868, 423 N.E.2d 942.

■ The plaintiffs' second argument, that a duty existed despite the obviousness of the danger, is based upon section 343A of the Restatement (Second) of Torts, which states as follows:

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obvi-

ousness." (Restatement (Second) of Torts §343A(1), at 218 (1965).)

Section 343A of the Restatement thus recognizes that there are certain circumstances where, despite the obviousness of the danger, a possessor of land should anticipate harm to an invitee and warn or protect the invitee from the danger. The comments to the Restatement give two examples of such a situation: (1) where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it; or (2) where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. Restatement (Second) of Torts §343A, comment *f*, at 220 (1965); *Sepesy v. Archer Daniels Midland Co.* (1981), 97 Ill. App. 3d 868, 874, 423 N.E.2d 942.

The second situation is illustrated in the Restatement as follows:

"A owns an office building, in which he rents an office for business purposes to B. The only approach to the office is over a slippery waxed stairway, whose condition is visible and quite obvious. C, employed by B in the office, uses the stairway on her way to work, slips on it, and is injured. Her only alternative to taking the risk was to forgo her employment. A is subject to liability to C." Restatement (Second) of Torts §343A, comment *f*, at 221 (1965).

Section 343A has been adopted in Illinois (see *Shaffer v. Mays* (1986), 140 Ill. App. 3d 779, 489 N.E.2d 35) and was relied upon in a Federal case cited by the plaintiffs, *Jakubiec v. Cities Service Co.* (7th Cir. 1988), 844 F.2d 470. In *Jakubiec*, the plaintiff truck driver was injured when he slipped off of a loading platform covered with ice and snow while attempting to fuel his truck. The reviewing court reversed a summary judgment in favor of the defendants, holding that although the slippery condition of the platform was obvious, it could not be said as a matter of law that the plaintiff acted unreasonably in encountering the danger since his only other choice was to forgo his assigned duties. (*Jakubiec*, 844 F.2d at 472.) Analogizing to the situation in *Jakubiec*, the plaintiffs here argue that the defendants should have anticipated that Vincent Nally would choose to encounter the dangerous noise levels because he was required to travel in the restricted areas as part of his job.

■ The specific risk taken by Nally was driving along the main taxi strip at O'Hare airport at the same time and in close proximity

to a large jet plane. No distraction is alleged which would have made Nally forget or fail to realize the danger posed by excessive noise levels on the airfield. The question then becomes whether the defendants should have anticipated that Nally would encounter the obvious danger, because to a reasonable man in his position, the advantages of doing so would outweigh the apparent risk. This is where we believe the instant cause becomes distinguishable from *Jakubiec* and the above-quoted illustration found in the Restatement. The very enormity of the risk posed by engine noise from large jet aircraft differentiates the risk here from the risk posed by a snow-covered platform or a waxed staircase. While a landowner might be expected to anticipate that a reasonable person would encounter the risk of walking on a slippery platform or staircase in order to do his job, we do not believe that the defendants here could anticipate that Nally would proceed to encounter a risk of this magnitude without taking some precautions to safeguard his hearing. Thus, we conclude that the defendants had no duty to warn Nally of the obvious danger or to take steps to protect him from it.

■ The plaintiffs next contend that the trial court erred in denying their motion for leave to file an amended complaint. The amended complaint cited the Premises Liability Act and contained allegations that the defendants did not provide Nally with equipment sufficient to guard against excessive levels of noise and failed to give notice of the conditions to persons entering the restricted areas. The amended complaint also alleged that Nally had no knowledge that a jet aircraft would be revving its engines and creating a dangerous and excessive level of noise in the area where he was located at the time of the occurrence and that he would not have entered that area had he known of the excessive and dangerous levels of noise. In our view, these additional allegations were insufficient to cure the original complaint's failure to plead a duty on the part of the defendants.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.