STEPHEN CHAREAS, Plaintiff-Appellant, v. TOWNSHIP HIGH SCHOOL DISTRICT NO. 214, Defendant-Appellee.

First District (1st Division)   No. 1—88—3403

Opinion filed March 12, 1990.

Ialongo & Meyer, of Chicago, for appellant.

Kralovec, Marquard, Doyle & Gibbons, of Chicago (Nancy Jo Arnold, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from the entry of a summary judgment in favor of the defendant, Township High School District No. 214, on the basis that it had no duty to warn of an obvious danger. We affirm.

The plaintiff, Steven Chareas, was hit in the eye by a tennis ball while he and his father were standing inside the fence of a tennis court watching a match. The match was being held at a high school operated by the defendant, Township High School District No. 214 (the District). Plaintiff filed suit against the District for his injuries, alleging that the District was negligent in failing to provide a safe viewing area for spectators, placing plaintiff in an area of danger, and failing to warn plaintiff of a dangerous condition. Summary judgment initially was granted for defendant on the basis that under the School Code (Ill. Rev. Stat. 1987, ch. 122, pars. 24—24, 34—84a), defendant was immune from suits for negligence brought by its students because of its *in loco parentis* relationship to its students.

That order was appealed, and this court reversed (*Chareas v. Township High School District No. 214* (1987), 163 Ill. App. 3d 1154 (unpublished order under Supreme Court Rule 23)), holding that the immunity provision of the School Code was inapplicable as the school district was not acting *in loco parentis* where the plaintiff's father had been present. Thereafter, upon consideration of the other grounds on which summary judgment had been sought, the trial court determined that summary judgment was nonetheless appropriate as the

defendant owed no duty to a plaintiff who was sufficiently mature to recognize obvious dangers and who had voluntarily exposed himself to an obvious danger. Plaintiff now brings this appeal.

The plaintiff contends that the trial court erred in granting summary judgment on the grounds that plaintiff had voluntarily exposed himself to an open and obvious danger. He maintains that it is not negligent *per se* to go into a dangerous area and points out that under section 343A of the Restatement (Second) of Torts, a duty may exist despite the obviousness of the danger. Defendant's position is that given the open and obvious nature of the danger posed by standing inside an enclosed area where multiple tennis matches are taking place, as a matter of law, the plaintiff in the exercise of due care would have been able to appreciate the danger and thus defendant had no duty to prevent him from entering the area. We agree.

Summary judgment should be granted only where the pleadings, depositions, admissions and affidavits reflect that no genuine issue of material fact exists and therefore the moving party is entitled to judgment as a matter of law. (*Elliott v. Chicago Title Insurance Co.* (1984), 123 Ill. App. 3d 226, 231, 426 N.E.2d 640.) Moreover, it should be allowed only where the right of the moving party is clear and free from doubt. (*Ainsworth Corp. v. Cenco, Inc.* (1982), 107 Ill. App. 3d 435, 438, 437 N.E.2d 817.) While the degree of care exercised by the plaintiff and the obviousness of the danger are ordinarily questions of fact, questions of fact may be decided as a matter of law where reasonable men could not disagree on the conclusions to which the facts lead. (*Nally v. City of Chicago* (1989), 190 Ill. App. 3d 218, 221, 546 N.E.2d 630.) On the facts here, we find that, as a matter of law, defendant had no duty to warn or protect plaintiff from an open and obvious danger voluntarily encountered.

Initially we note that the deposition testimony of both plaintiff and his father negates the factual allegations of the complaint. Plaintiff had alleged in his complaint that there were no seats designated for spectators within the court area, that he had been directed by school district employees to watch the match from inside the fence surrounding the courts, and that as he was struck by a ball while in a place he had been directed to be, the school district had placed him in an area of danger.

Deposition testimony was to the contrary. Plaintiff testified that there were bleachers for spectators and that no one gave him permission to go inside the fence to watch the match. He acknowledged that it was his father who suggested they observe the match from inside the fence. Plaintiff's father's deposition was similar and affirmed that

while both plaintiff and his father believed the seating area was full, they voluntarily, and without being directed to do so, entered the enclosed playing area. The deposition testimony establishes that plaintiff voluntarily placed himself in a position of danger and thus would be unable to prove at trial that he was placed in an area of danger by the defendant.

The issue of whether the school district had a duty to protect plaintiff from the obvious dangers of standing inside of a tennis court during a match is answered by *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177. *Corcoran* establishes that the liability of the party in possession of premises upon which a minor is injured is determined by the rules of ordinary negligence. Where the minor is an invitee, as was the 17-year-old plaintiff here, the duty of the land occupier is to maintain the premises in a reasonably safe condition and to warn of dangerous, nonobvious conditions. (*Corcoran*, 73 Ill. 2d at 329.) Where the danger is obvious, the plaintiff cannot recover for his injuries. *Cope v. Doe* (1984), 102 Ill. 2d 278, 286, 464 N.E.2d 1023.

While plaintiff is correct in pointing out that there are certain circumstances in which a possessor of land has a duty to warn or protect an invitee even where a danger is open and obvious, the cases that have so held are distinguishable from the matter before us here. (See, e.g., *Jakubiec v. Cities Service Co.* (7th Cir. 1988), 844 F.2d 470.) In *Jakubiec*, the court held that it could not be said as a matter of law that a plaintiff acted unreasonably in encountering danger where the plaintiff would have had to refuse to perform assigned job duties in order to avoid the danger. (*Jakubiec*, 844 F.2d at 472.) Here, to the contrary, plaintiff chose to encounter an obvious danger, not because he was required to do so, but solely for personal and recreational reasons. While a possessor of land might be expected to anticipate that a reasonable person would choose to encounter a risk in order to perform tasks assigned by an employer, even in the context of employment, there may be no duty to warn in circumstances where the enormity of the risk is so great that a reasonable person would clearly take precautions to protect his own safety. *Nally v. City of Chicago* (1989), 190 Ill. App. 3d 218, 223, 546 N.E.2d 630.

This court has consistently refused to hold landowners responsible for protecting people from obvious risks on their property. (See, e.g., *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 485, 507 N.E.2d 19 (slide set on asphalt is obvious danger requiring no duty to warn); *Keller v. Mols* (1984), 129 Ill. App. 3d 208, 211, 472 N.E.2d 161 (no duty to warn 14-year-old of inherent risks of

playing floor hockey).) Consistent with the above rulings, we hold that summary judgment was properly granted here as under Illinois law, the defendant school district had no duty to protect plaintiff from the obvious danger posed by watching a tennis match from within a protective fence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and MANNING, JJ., concur.