EDWARD GOEBIG, SR., *et al.*, as Special Adm'rs of the Estate of Edward Goebig, Jr., Deceased, and Indiv., Plaintiffs-Appellants, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (4th Division) No. 1—87—3125

Opinion filed September 14, 1989.

James P. Leahy, of Chicago, for appellants.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Jeffrey P. Smith, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Edward Goebig, Sr., and Sharon Goebig, special administrators of the estate of Edward Goebig, Jr., appeal from the judgment and order of the circuit court of Cook County that granted the motion to dismiss of defendant, the City of Chicago, pursuant to the Local Governmental and Governmental Employees Tort Immunity Act

(hereinafter the Act) (Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*). The sole issue for our review is whether the City owed a duty to plaintiffs' decedent.

We affirm.

The City provided school crossing guard service at 67th Street and Kenneth Avenue. The decedent, a minor, normally crossed at this intersection on his way to school. However, on February 28, 1985, there was no crossing guard at the location; therefore, he crossed at 67th and Keeler, where a traffic light was situated. While crossing the street he was fatally struck by a vehicle.

Plaintiffs filed a personal injury action against the driver of the vehicle, the Catholic Bishop of Chicago, and the City. The actions against the former two were voluntarily dismissed by plaintiffs. The City moved to dismiss the complaint under section 2—619 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619.) Based on the Act, the court granted the motion to dismiss. This appeal followed.

Plaintiffs' sole contention is that the City owed a duty to the decedent. Plaintiffs argue that the City voluntarily provided crossing guard service and in undertaking this duty it must perform it in a reasonably safe manner. In this instance, plaintiffs claim the City is liable because it failed to provide crossing guard service in a reasonably safe manner. Plaintiffs further argue that section 4—102 of the Act (Ill. Rev. Stat. 1985, ch. 85, par. 4—102) only applies to the police department and crossing guards are not a part of the police department.

■ Initially we note that we concur with the trial court's finding that the crossing guard service is a part of police service; therefore, section 4—102 is applicable.

■ "A municipality is not an insurer of the safety of pedestrians against all accidents occurring on its property [citation] ***." (*Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 830.) The liability of a municipality is governed by the Act. Specifically, a municipality is not liable for failing to provide police protection. (*Barth v. Chicago Board of Education* (1986), 141 Ill. App. 3d 266, 277.) With reference to police protection, the Act provides:

"Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes and failure to apprehend criminals." (Ill. Rev. Stat. 1985, ch. 85, par. 4—102.)

The duty of the police is to protect the community at large and not the specific individual. (*Barth*, 141 Ill. App. 3d at 277.) The public policy considerations embodied in this rule "reflect[] the judgment that to hold otherwise would impose an impossible burden on law enforcement agencies and officers, requiring them to carry out a myriad of difficult and frequently conflicting duties in guaranteeing the safety of every individual citizen." *Santy v. Bresee* (1984), 129 Ill. App. 3d 658, 662.

■ However, there is a "special duty" exception to the general rule. In order for a municipality to owe a special duty to an individual, the following requirements must be satisfied: "(1) the municipality must be uniquely aware of the particular danger or risk to which plaintiff is exposed; (2) there must be allegations of specific acts or omissions on the part of the municipality; (3) the specific acts or omissions must be either affirmative or willful in nature; and (4) the injury must occur while the plaintiff is under the direct and immediate control of employees or agents of the municipality. [Citations.]" *Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 176.

■ There is some evidence that plaintiffs met the second requirement of the "special duty" exception. However, the other three requirements were not satisfied. As to the City's awareness of the risk or danger at 67th Street and Kenneth, plaintiffs provide no evidence that the City was uniquely aware of any danger to the decedent in particular, as distinguished from the community at large. Furthermore, the record does not provide any evidence to support plaintiffs' allegation that the City's action was willful or affirmative in nature. The mere fact that a crossing guard was not consistently at the location in question is not indicative of willful or affirmative action.

Finally, the allegations made by plaintiffs, as well as the evidence adduced at trial, fail to establish that the decedent was under the direct and immediate control of the City or any of its employees at the time the injury occurred. Thus, outside of alleging that the City failed to provide crossing guard service, plaintiffs have failed to meet the requirements of the special duty exception.

Plaintiffs' final argument is that the Act is not applicable here because the City "voluntarily assumed" a duty to protect the intersection in question. Plaintiffs insist that once the City undertook to protect the particular intersection it owed the decedent a duty to use reasonable care in providing for his safety.

Plaintiffs initially rely on *Comastro v. Village of Rosemont* (1984), 122 Ill. App. 3d 405, where a patron of a rock concert was criminally attacked outside of the public arena. Unlike the City in the instant

case, in *Comastro*, the Village of Rosemont's assumption of duty arose from the village's relationship with the patron as a business inviter and invitee; therefore, the court found the "special duty" exception inapplicable. (*Comastro*, 122 Ill. App. 3d at 410.) *Pippin v. Chicago Housing Authority* (1979), 78 Ill. 2d 204, is also cited by plaintiffs for the proposition that once a municipality voluntarily assumes a duty it cannot hide behind the Act. *Pippin* concerned the duties of the Chicago Housing Authority (CHA) as a landlord to an invitee upon its premises. The court stated that CHA had no independent duty to protect against injuries caused by third parties. The court concluded that CHA cannot be held liable for the injuries to plaintiff therein because CHA itself had not undertaken to provide guard services. The only possible liability that could be imposed on CHA would be for its negligent hiring of a guard service. *Pippin*, 78 Ill. 2d at 209-10.

 Liability can arise from the negligent performance of a voluntary undertaking; however, the scope of any duty is limited by the extent of the undertaking. (*McColgan v. United Mine Workers* (1984), 124 Ill. App. 3d 825, 827.) The thrust of the City's undertaking was to provide crossing guard service. Nevertheless, to hold it liable every time a person is injured at an intersection or to hold it liable when a crime occurs at a location routinely patrolled by police would be contrary to the principles and public policy considerations underlying the Act. As mentioned above, the general rule "rests upon public policy considerations that a police department's negligence, oversights, blunders or omissions are not the proximate or legal cause of harms committed by others." *Schaffrath v. Village of Buffalo Grove* (1987), 160 Ill. App. 3d 999, 1003.

We find that the undertaking alleged cannot reasonably be construed to have imposed a duty upon the City to protect plaintiff's decedent. Finally we note, as did the trial court, that the proximate cause issue is questionable. The crossing guards were located at 67th Street and Kenneth Avenue, and the accident occurred at 67th Street and Keeler, where traffic lights were present.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and McMORROW, J., concur.