JAMES O. JACKSON *et al.*, Plaintiffs-Appellants, v. HILTON HOTELS CORPORATION, Defendant-Appellee.

First District (5th Division)   No. 1—93—2961

Opinion filed December 29, 1995.

Shawn A. Warner, of Patrick J. Kenneally, Ltd., of Chicago, for appellants.

Timothy J. McKay and Paul A. Tanzillo, both of Johnson & Bell, Ltd., of Chicago (Thomas E. Fegan and Kelly N. Warnick, of counsel), for appellee.

JUSTICE GORDON delivered the opinion of the court:

## BACKGROUND

The plaintiffs-appellants, James Jackson, and his wife Mary Jackson, appeal from the trial court's dismissal with prejudice of their two-count second amended complaint. In count I James Jackson sought damages from the defendant-appellee, Hilton Hotels Corporation, for its alleged negligence in causing a back injury he received in attempting to lift an object from its loading dock onto a truck. In count II, Mary Jackson sought recovery from the defendant for loss of consortium arising from James Jackson's injury.

FACTS

The second amended complaint alleged as follows: On April 4, 1991, the defendant owned or operated the Palmer House Hotel located at 17 East Monroe in Chicago. On that date, James Jackson was lawfully on those premises in the course of performing his duties for his employer (apparently an entity other than the defendant) at which time he injured his back in attempting to lift a "gang box" from the Palmer House loading dock onto a truck, the bed of which was approximately 10 inches higher than the dock. At the time of Jackson's injury, the defendant maintained a "portable dockplate" in the loading dock area but that portable dockplate was not available for his use by reason of its being chained and locked. (At oral argument the plaintiffs informed us that a dockplate is a device which is used as a ramp between the bed of a truck or trailer and the surface of a loading dock.)

The second amended complaint further alleged that the Palmer House loading dock was defective in that it did not meet flush with the rear of delivery trucks, that the defendant failed to provide him with access to a dockplate (portable or otherwise), that the defendant failed to provide him with supervision or assistance in lifting the gang box onto the truck, and that the defendant failed to warn him of the danger of lifting the gang box. The complaint averred further that the defendant assumed a duty to provide a portable dockplate by maintaining the chained and locked portable dockplate in the loading dock area.

The trial court dismissed the second amended complaint, with prejudice, for failure to state a cause of action pursuant to the defendant's section 2—615 motion. (See 735 ILCS 5/2—615 (West 1992).) The original and first amended complaints had earlier been dismissed, with leave to amend, for failure to state a cause of action.

The plaintiffs subsequently filed a motion to reconsider to which they appended the affidavit of James Jackson as an offer of proof of facts that could be pled if the court were to allow further amendment. That affidavit contained the following averments beyond those that were contained in the second amended complaint. At the time and place of his injury James Jackson was accompanied by a helper and had backed his employer's truck, the rear of which was equipped with a hydraulic lift, into one of the loading dock's bays to within several feet of the dock itself. The loading bay sloped downward, causing the front of the truck to be at least one foot higher than its rear. Jackson determined that, due to the downward incline of the bay, the edge of the hydraulic lift would have been several inches below the edge of the loading dock even when fully raised. The design

of the loading dock, moreover, made it impossible to roll or drag materials from the dock's surface to the ground level so that the hydraulic lift could be used. Jackson then backed the truck flush against the loading dock.

The affidavit further averred that Jackson then looked at the security booth on the loading dock and noticed that no one was inside of it. Jackson and his helper then looked for wood in the loading dock area with which to make a ramp but, upon finding none, they went to a storage area on the premises and rolled the gang box (it was equipped with casters) to their truck. Jackson then looked at the loading dock security booth again, saw that it was still empty, and further noticed that he and his helper were the only persons in the loading dock area.

Jackson and the helper then attempted to lift the gang box from the loading dock onto the truck whereupon Jackson injured his back. After the gang box was unlocked Jackson discovered that it had been filled to capacity with pipe fittings and other materials, "making it much heavier than [he] had expected." The trial court denied the plaintiffs' motion to reconsider, stating that the matters contained in James Jackson's affidavit would not suffice to cure the second amended complaint's deficiency.

OPINION

The sole issue in this appeal is whether the second amended complaint sufficiently alleged a duty owed by the defendant to the plaintiffs. As in all section 2—615 dismissals, the appeal is from a determination of issues of law and therefore appropriately subjected to a *de novo* review. See *Baker v. Miller* (1994), 159 Ill. 2d 249, 255, 636 N.E.2d 551, 554; *Fulton-Carroll Center, Inc. v. Industrial Council of Northwest Chicago, Inc.* (1993), 256 Ill. App. 3d 821, 824, 628 N.E.2d 1121, 1124.

■ Section 2—615 of the Code of Civil Procedure authorizes the trial court to dismiss complaints that are "substantially insufficient in law." (735 ILCS 5/2—615(a) (West 1992).) In *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 565 N.E.2d 654, our supreme court restated the principles to be followed in reviewing the propriety of the dismissal of a complaint:

> "A trial court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover. [Citations.] When the legal sufficiency of all or part of a complaint is challenged by a section 2—615 motion to strike or dismiss, all well-pleaded facts in the attacked portions of the complaint are to be taken as true

[citation] and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. A motion to strike a portion of a complaint does not admit conclusions of law or fact unsupported by the specific factual allegations upon which such conclusions rest. [Citation.]" 139 Ill. 2d at 504-05, 565 N.E.2d at 657.

■ A complaint based upon negligence must allege facts sufficient to show the existence of a duty owed by the defendant to the plaintiff, the breach of that duty, and injury proximately resulting from the breach. (See *DiBenedetto v. Flora Township* (1992), 153 Ill. 2d 66, 70, 605 N.E.2d 571, 573; *Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 45, 566 N.E.2d 1365, 1366.) Whether a duty exists is a question of law for the court and depends upon whether the parties stood in such a relationship that the law would impose an obligation upon the defendant to act reasonably for the plaintiff's protection. *Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535, 542, 582 N.E.2d 108, 112; *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 525, 513 N.E.2d 387, 396.

It is clear that the general duty of a possessor of land is to exercise reasonable care for the safety of those who lawfully enter his premises. (*Smith v. Chicago Park District* (1995), 269 Ill. App. 3d 812, 817, 646 N.E.2d 1330, 1334; *Stephen v. Swiatkowski* (1994), 263 Ill. App. 3d 694, 697-98, 635 N.E.2d 997, 1000; see also the Premises Liability Act (740 ILCS 130/1 *et seq.* (West 1992)).) Traditionally a possessor's duty of reasonable care was generally held not to encompass hazardous conditions (1) of which the entrant has been made aware or (2) which are obvious. See *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 468-69, 343 N.E.2d 465, 472; *Calvert v. Springfield Electric Light & Power Co.* (1907), 231 Ill. 290, 293, 83 N.E. 184, 185; *Longnecker v. Illinois Power Co.* (1978), 64 Ill. App. 3d 634, 640, 381 N.E.2d 709, 714; *Stambaugh v. Central Illinois Light Co.* (1976), 42 Ill. App. 3d 582, 585-86, 356 N.E.2d 148, 151; *Ragni v. Lincoln-Devon Bounceland, Inc.* (1968), 91 Ill. App. 2d 172, 176, 234 N.E.2d 168, 170.

In the leading case of *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223, our supreme court limited the scope of the exclusion of known or obvious conditions from the possessor's general duty of reasonable care. In that case, the plaintiff was carrying a large mirror as he exited the defendant's store. In exiting he walked into a five-foot-tall post that was located approximately 19 inches from the store's outer wall and was near the exit. 136 Ill. 2d at 136-38, 554 N.E.2d at 225.

■ The supreme court in *Ward* noted as a preliminary matter that section 343 of the Restatement (Second) of Torts accurately sets forth Illinois law with regard to the liability of possessors of land to invitees. (136 Ill. 2d at 145-46, 554 N.E.2d at 229.) Section 343 provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts § 343, at 215-16 (1965).

In reaching its ultimate conclusion regarding the scope of the exclusion of known or obvious conditions from the possessor's duty, the court in *Ward* embraced section 343A of the Restatement (Second) of Torts, a companion provision of section 343. (136 Ill. 2d at 148-49, 554 N.E.2d at 230-31.) Although generally excluding known or obvious conditions from those for which possessors may be held liable, section 343A, entitled "Known or Obvious Dangers," nevertheless in certain circumstances requires possessors to anticipate that such conditions may yet cause harm:

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*" (Emphasis added.) Restatement (Second) of Torts § 343A(1), at 218 (1965).

The court in *Ward* discussed comment *f* to section 343A (136 Ill. 2d at 149-50, 554 N.E.2d at 231), which describes those situations in which possessors should anticipate harm from known or obvious conditions and provides, in pertinent part, as follows:

"Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." Restatement (Second) of Torts § 343A, Comment *f*, at 220 (1965).

Despite the obvious hazard presented by the post, the court in

*Ward* held that the defendant's duty of reasonable care nevertheless would encompass such a condition. The court reasoned that "there may be certain conditions which, although they may be loosely characterized as 'known' or 'obvious' to [invitees], may not in themselves satisfy [the] defendant's duty of reasonable care. If the defendant may reasonably be expected to anticipate that even those [invitees] in the general exercise of ordinary care will fail to avoid the risk because they are distracted or momentarily forgetful, then his duty may extend to the risk posed by the condition." 136 Ill. 2d at 156, 554 N.E.2d at 234.

After its decision in *Ward v. K mart*, our supreme court applied the exception regarding anticipated distractions in the subsequent cases of *Deibert v. Bauer Brothers Construction Co.* (1990), 141 Ill. 2d 430, 566 N.E.2d 239, and *American National Bank & Trust Co. v. National Advertising Co.* (1992), 149 Ill. 2d 14, 594 N.E.2d 313. In those two later cases the court reaffirmed its acknowledgment of comment *f* to section 343A in its entirety, without excluding from its acknowledgment that portion of comment *f* which provides that the possessor's duty encompasses known or obvious conditions where he should reasonably be expected to anticipate that invitees will fail to avoid the condition because they will choose to deliberately encounter it.[1]

Turning to this case, the plaintiffs concede that any hazard posed by the 10-inch difference in height between the truck's bed and the surface of the loading dock was in fact obvious. Although the plaintiffs admit that the condition here in question was obvious, they do not urge that James Jackson was either distracted from the hazard which the differential in height presented or that he was momen-

---

[1]Contrary to the plaintiffs' contentions, the considerations contained within sections 343 and 343A of the Restatement (Second) of Torts do in fact relate to the question of duty. The supreme court, in both *Ward* and *Deibert*, stated that, although sections 343 and 343A speak to the more general issue of liability, rather than to the more specific question of whether a duty exists, those provisions were nevertheless relevant to whether an injury was reasonably foreseeable and therefore relevant to the ultimate question of duty. See *Ward v. K Mart Corp.*, 136 Ill. 2d at 143, 554 N.E.2d at 228 ("As discussed below, however, we find that the obviousness of a condition is also relevant to the existence of a duty on the part of [the] defendant"); *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d at 438, 566 N.E.2d at 243 ("The considerations expressed in sections 343 and 343A should be taken into account when deciding whether the injury was reasonably foreseeable"); accord *Pullia v. Builders Square, Inc.* (1994), 265 Ill. App. 3d 933, 937, 638 N.E.2d 688, 692.

tarily forgetful of that condition. Instead, the plaintiffs rely upon the alternative exception that comment *f* of section 343A describes, namely, that in which a possessor may also have a duty to protect an invitee where there is reason to anticipate that he "will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." (Restatement (Second) of Torts § 343A, Comment *f*, at 220 (1965).) (Hereinafter this alternative exception shall be referred to as the "deliberate encounter exception.")

In support of their position, the plaintiffs point to illustration 5 of section 343A, which purports to exemplify a situation where the "deliberate encounter exception" would apply:

> "A owns an office building, in which he rents an office for business purposes to B. The only approach to the office is over a slippery waxed stairway, whose condition is visible and quite obvious. C, employed by B in the office, uses the stairway on her way to work, slips on it, and is injured. Her only alternative to taking the risk was to forego her employment. A is subject to liability to C." (Restatement (Second) of Torts § 343A, Comment *f*, Illustration 5, at 221 (1965).)

The plaintiffs argue, by analogy to illustration 5, that the injury James Jackson sustained was reasonably foreseeable despite the admittedly obvious nature of the differential in height between the truck and the loading dock because his "only alternative to taking the risk of lifting the gang box by hand onto the bed of the truck was to forego his employment."

While the supreme court in *Ward v. K mart* and its progeny has in theory acknowledged the efficacy of section 343A of the Restatement (Second) of Torts in its entirety, in actuality it has applied that provision only in situations of anticipated distraction. The supreme court has yet to base its decision in any case upon the application of the "deliberate encounter exception." However, the deliberate encounter rule has been recognized by our court. See *Courtney v. Allied Filter Engineering, Inc.* (1989), 181 Ill. App. 3d 222, 536 N.E.2d 952. See also *Amaral v. Woodfield Ford Sales, Inc.* (1991), 220 Ill. App. 3d 357, 581 N.E.2d 19.

■ In any event, the determination as to the ultimate applicability of the "deliberate encounter exception" in our jurisdiction is not dispositive of the result in this case. Even if the "deliberate encounter exception" is firmly recognized and applied in Illinois, the second amended complaint does not set forth facts sufficient to bring this case within the ambit of that exception. Nor does James Jackson's affidavit provide any basis to anticipate that the second amended complaint's deficiency was curable by amendment.

The plaintiffs did not plead in the second amended complaint, or aver in the affidavit, the absence of any reasonable alternative to lifting the fully loaded gang box by hand, such as lightening it by removing some of its contents, making sufficient inquiry into the possibility of using the chained and locked portable dockplate, or seeking assistance from the defendant's employees. Moreover, neither the second amended complaint nor the affidavit alleges that James Jackson took the necessary precaution of investigating the weight of the gang box before attempting to lift it. Apparently that was done only after the injury was sustained. Nor are there any factual allegations before us sufficient to establish that James Jackson's continued employment was at stake if he refused to heft the gang box then and there or otherwise to establish that the defendant had reason to anticipate that, to a reasonable man in James Jackson's position, the advantage of encountering the obvious danger of lifting the gang box outweighed the apparent risk. See *Nally v. City of Chicago* (1989), 190 Ill. App. 3d 218, 223, 546 N.E.2d 630, 634 (stating that the possessor in that case could not reasonably have anticipated that the plaintiff would proceed to encounter the risk of working near a large jet airplane without taking precautions to safeguard his hearing).

In any event, the facts of this occurrence as alleged in the second amended complaint are insufficient to show that James Jackson's injury resulted from any dangerous condition upon the defendant's premises. For example, the second amended complaint does not allege that Jackson was injured because of a fall on debris, because of a collision with any object maintained on the premises, or as a result of any spatial or temporal interaction with any object located upon the premises or with the premises themselves. Contrast this with the facts in *Amaral v. Woodfield Ford Sales, Inc.,* where the plaintiff, while performing work on defendant's premises, slipped and fell on defendant's slippery floor whose condition was open and obvious.

The decision in *Courtney v. Allied Filter Engineering, Inc.* (1989), 181 Ill. App. 3d 222, 536 N.E.2d 952, on which the plaintiff relies is most illustrative. There, too, the injury occurred in the loading dock as a result of a five-inch gap between the rear of a trailer driven by the plaintiff and the sharp exposed edge of the dockplate. However, there, the plaintiff, while unloading his truck, actually struck his knee against the exposed sharp edge of defendant's dockplate.

Here, unlike the facts in *Courtney* and *Amaral*, Jackson's injury did not result from any contact or interfacing with the defendant's property. The injury occurred because of the defendant's failure to provide such amenities on its loading dock which might have obviated his need to manually lift the gang box. The differential in height

between the bed of the truck and the loading dock did not of itself cause any injury to Jackson. Thus, it was not a dangerous condition on the premises that caused the injury. Rather, the danger was in the task that plaintiff performed by lifting objects that were too heavy.

We note that this approach is somewhat inconsistent with the analysis in *Flath v. Madison Metal Services, Inc.* (1991), 212 Ill. App. 3d 367, 570 N.E.2d 1218, where the fifth district found a dangerous condition in the landowner's premises under circumstances where the loading area was obstructed with debris, forcing plaintiff to stand on his truck bed rather than on the ground while securing his load. As a result, plaintiff was injured when the load suddenly slackened and he fell to the ground. We disagree with the conclusion in *Flath*, which would bring these injuries within the scope of Restatement section 343A, since the plaintiff's injuries were not caused by a physical interaction or contact between the plaintiff and any dangerous condition on the landlord's premises. Nevertheless, we note that in *Flath* the court emphasized the fact that the loading area was dangerous because it was obstructed by removable debris that deprived plaintiff of a place to stand on the ground while securing his load, forcing him to stand on the truck bed. It did not assert, as plaintiff would urge in this case, that the landlord is under duty to modernize or remodel his loading dock or other portions of his premises solely to make plaintiff's work easier and thereby reduce the risk that plaintiff will injure himself by lifting loads which are too heavy.

The plaintiffs' citations to *Hall v. Chicago & Northwestern Ry. Co.* (1955), 5 Ill. 2d 135, 125 N.E.2d 77, and *Glime v. New York Central R.R. Co.* (1955), 5 Ill. App. 2d 509, 126 N.E.2d 385, which were decided under the Federal Employers' Liability Act (45 U.S.C. § 51 *et seq.* (1988)), are not in point. In each of those cases, the premises themselves were hazardous as a result of a condition or activity maintained by the defendants upon the land. (In *Hall* the plaintiff was injured because of narrow clearance between a platform and a train where a deceptive condition of the premises created confusion regarding the relative position of the train. In *Glime* the plaintiff was thrown down while climbing between two railroad cars when the employer's train started to move without giving warning.) However, more overridingly, in each of those cases the defendant, as the plaintiff's employer, was held under a duty to provide his employees with a safe place to work, a duty which might well require an employer to provide adequate tools and amenities to enhance the safe performance of the employees' tasks even where the premises themselves are not dangerous or defective. (See *Glime*, 5 Ill. App. 2d

509, 126 N.E.2d 385 (and the cases cited therein).) Section 343A of the Restatement (Second) of Torts does not purport to impose the duties upon a possessor that correspond to the duties imposed upon a railroad employer pursuant to the Federal Employers' Liability Act. Thus, it would seem that the "deliberate encounter exception" under section 343A was not designed to impose upon a possessor the duty to provide updated tools and equipment to lighten the workload of an invitee and thereby reduce whatever risks of injury such work might entail.

The plaintiffs alternatively maintain that the second amended complaint sufficiently alleged that the defendant assumed a duty to provide a dockplate by maintaining the chained and locked portable dockplate in the loading dock area. A duty may be imposed upon defendants who would otherwise not owe a duty where they have undertaken to perform some act and have done so negligently. (See *Pippin v. Chicago Housing Authority* (1979), 78 Ill. 2d 204, 209, 399 N.E.2d 596, 599; *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 74-79, 199 N.E.2d 769, 773-76; *Lavazzi v. McDonald's Corp.* (1992), 239 Ill. App. 3d 403, 409, 606 N.E.2d 845, 849.) Whether such a duty has been voluntarily undertaken must be determined by the court as a question of law (*Lavazzi v. McDonald's Corp.*, 239 Ill. App. 3d at 409, 606 N.E.2d at 849; *Morgan v. 253 East Delaware Condominium Association* (1992), 231 Ill. App. 3d 208, 211-12, 595 N.E.2d 36, 38-39), and the scope of any such duty is limited to the extent of the undertaking. (*Goebig v. City of Chicago* (1989), 188 Ill. App. 3d 614, 618, 544 N.E.2d 1114, 1116.) Once a duty is voluntarily assumed, a failure to exercise reasonable care may result in liability if such failure increases the risk of harm beyond what it would have been had the duty not been assumed or if harm is suffered because of reliance upon the undertaking by the person suffering such harm. See Restatement (Second) of Torts §§ 323, 324A, at 135, 142 (1965); see also *Cross v. Wells Fargo Alarm Services* (1980), 82 Ill. 2d 313, 319-20, 412 N.E.2d 472, 476; *Hill v. Chicago Housing Authority* (1992), 233 Ill. App. 3d 923, 934-35, 599 N.E.2d 1118, 1126.

■ Here again, the plaintiffs have not alleged sufficient facts, either in the second amended complaint or in James Jackson's affidavit, which would establish that the defendant voluntarily undertook a duty to provide invitees with a portable dockplate. There are no averments that the defendant had a policy of providing portable dockplates for invitees' use, that signs were posted advertising the availability of a dockplate, or that the defendant otherwise performed any overt act from which it could reasonably be inferred that a dockplate would be provided to invitees. To the contrary, the allegation

that the portable dockplate was chained and locked would tend to show that the defendant declined or narrowly proscribed any such undertaking. See *Goebig v. City of Chicago*, 188 Ill. App. 3d 614, 544 N.E.2d 1114; *Hill v. Chicago Housing Authority*, 233 Ill. App. 3d 923, 599 N.E.2d 1118.

Moreover, even if a voluntary undertaking had been sufficiently alleged, there are no allegations that the alleged discontinuation of that undertaking increased the risk of harm beyond that which Jackson would have encountered had there been no such voluntary undertaking in the first instance or that there was any reliance by James Jackson upon such an undertaking. See Restatement (Second) of Torts §§ 323, 324A (1965); *Cross v. Wells Fargo Alarm Services*, 82 Ill. 2d 313, 412 N.E.2d 472; *Hill v. Chicago Housing Authority*, 233 Ill. App. 3d 923, 599 N.E.2d 1118.

CONCLUSION

For the reasons discussed above, the dismissal of the second amended complaint with prejudice for failure to state a cause of action is affirmed.

Affirmed.

COUSINS, P.J., and T. O'BRIEN, J., concur.