Dorothy SMITH, Plaintiff,

v.

SUPERVALU, INC., d/b/a Cub Foods, Defendant.

No. 96 C 744.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 23, 1998.

Michael D. Block, Elizabeth Ann Klukas, Block, Krockey, Cernugel & Cowgill, Joliet, IL, for Dorothy Smith.

John Andrew O'Donnell, Daniel Donohue, Belgrade & O'Donnell, Chicago, IL, for Supervalu Inc. dba Cub Foods.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

This is a diversity action, involving the tort of negligence, arising under Illinois law. Pending is a summary judgment motion by Defendant Supervalu, Inc., d/b/a Cub Foods. For the reasons set forth below, this court denies the motion.

1. Pursuant to Local Rule 12(m), Defendant filed a statement of material facts. In her response materials, Plaintiff filed her own statement of facts (which she entitled her "Supplemental Statement of Material Facts Pursuant to Rule 12(m)") but did not file a "response to each numbered paragraph in the moving party's [12(m)] statement" as required by Local Rule 12(n)(3)(a). Because of the relative simplicity of the facts involved in this case, the court has discerned the factual disputes by comparing Defendant's factual statement with Plaintiff's factu-

## BACKGROUND FACTS [1]

On January 22, 1994, Plaintiff Dorothy Smith worked for Actmedia, a corporation involved in the advertisement of various household products at various grocery stores. (Def.12(m) ¶ 5.) Plaintiff worked as an "ad changer," replacing ad machines and coupon dispensers on the premises, and as a "field representative," standing in the doorway of the premises, greeting customers and handing out coupons and/or samples of products. (Id. ¶ 6.) Plaintiff used and handled some products in her work at the grocery stores. When these products were heavy, Actmedia distributed the products to the individual grocery stores' receiving department. (Id. ¶¶ 14, 16; Pl. 12(n) Add. Facts ¶ 14; Def. 12(n) Resp. ¶ 14.)

On January 22, 1994, Plaintiff was to hand out remaining samples of Hair Repair by St. Ives to the customers of a Cub Foods grocery store. (Def.12(m) ¶ 21.) Part of Plaintiff's job was to go to back room of Cub Foods—a task she had performed about eight to ten times a month for the past two to three years—and search for the heavy products she was to distribute on any particular day (which would be put anywhere in the storage area). (Id. ¶¶ 18–20.) Plaintiff asserts that no one at Cub Foods assisted Plaintiff in her work and that, prior to her injury, she complained about the lack of assistance to Cub Foods employees. (Pl.12(n) Add. Facts ¶¶ 13, 17.)

So, after setting up a display stand to hold the hair product on January 22, 1994, Plaintiff took a grocery cart and proceeded to Cub Food's storage area to pick up two boxes of the product. (Def.12(m) ¶¶ 23, 26.) The receiving room at the Cub Foods store is a large, open area consisting of pallets filled with various products, forklifts and hand pallet movers. (Id. ¶ 17.)[2] When Plaintiff ar-

al statement. The court has deemed admitted the factual allegations by Defendant which are supported by the record and unrebutted by Plaintiff's Rule 12 factual submission. *See* Local Rule 12(n)(3)(b). *See also Gonzalez v. Ingersoll Milling Mach. Co.,* 133 F.3d 1025, 1029 n. 4 (7th Cir.1998).

2. The pallet described here is a "a portable platform for storing or moving cargo or freight." THE AMERICAN HERITAGE DICTIONARY 895 (2d ed.1991).

rived to Cub Food's receiving room, the lights were on. (*Id.* ¶ 25.) Plaintiff knew the location of the hair product because she had retrieved it the day earlier from the same area; therefore, she proceeded towards the location of the two boxes containing the hair products (about thirty-five feet away). (*Id.* ¶¶ 25, 27.) The two boxes were on a bottom shelf stacked on top of each other. (Pl.12(n) Add. Facts ¶ 2; Def. 12(n) Resp. ¶ 2.)

Attempting to retrieve the boxes, Plaintiff's way was obstructed by an empty wooden pallet next to the shelf with the boxes of product. (Def.12(m) ¶¶ 29–30; Pl. 12(n) Add. Facts ¶ 3; Def. 12(n) Resp. ¶ 3.) The pallet forced Plaintiff to stop the grocery cart near the shelf on the opposite side of the pallet. (*Id.*) Plaintiff stepped onto the pallet and then over the pallet onto a thin space of ground (about a foot and a half) between the pallet and the shelving unit. (*Id.* ¶ 35; Pl. 12(n) Add. Facts ¶¶ 7–8; Def. 12(n) Resp. ¶¶ 7–8.) The reason Plaintiff had to step onto the pallet (instead of around it) is because there were boxes all over, including on either side of the pallet. (Pl.12(n) Add. Facts ¶ 9; Def. 12(n) Resp. ¶ 9.)

After Plaintiff walked over the pallet, Plaintiff bent down, picked up the first box and tossed it into her shopping cart. (Def.12(m) ¶ 37.) In the process of straightening out after bending down to pick up the second box, Plaintiff injured her right shoulder. (Def.12(m) ¶ 38; Pl. 12(n) Add. Facts ¶ 11; Def. 12(n) Resp. ¶ 11.) The pallet had a pallet jack (a manual forklift-type device) extending from it. (Def.12(m) ¶ 31; Pl. 12(n) Add. Facts ¶ 5; Def. 12(n) Resp. ¶ 5.) Plaintiff's injury was caused by Plaintiff's shoulder hitting the pallet jack handle as she was straightening up. (*Id.*)

The parties dispute whether Plaintiff saw the pallet jack handle before hitting it. Relying on her deposition testimony, Plaintiff states that she did not see the pallet jack handle before she hit it. (Pl.12(n) Add. Facts ¶ 12.) Relying on other deposition testimony by Plaintiff, Defendant states that Plaintiff did see the jack handle prior to hitting it. (Pl.12(m) ¶ 32; Def. 12(n) Resp. ¶ 12.) Defendant also asserts that nothing obscured Plaintiff's vision when she approached the boxes of product and when she attempted to load her cart. (Def.12(m) ¶ 28.)

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARDS.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has produced evidence to show that it is entitled to summary judgment, the party seeking to avoid such judgment must affirmatively demonstrate that a genuine issue of material fact remains for trial. *See LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 920 (7th Cir.1997).

In deciding a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Nevertheless, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). *See also LINC*, 129 F.3d at 920. A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, 477 U.S. at 252.

### II. NEGLIGENCE ISSUES.

In a negligence action under Illinois law, the plaintiff must establish that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the defendant's breach proximately caused the plaintiff's injuries. *See Espinoza v. El-*

*gin, Joliet & Eastern Ry.*, 165 Ill.2d 107, 114, 208 Ill.Dec. 662, 649 N.E.2d 1323, 1326 (1995).

Here, Defendant argues that Plaintiff's injuries resulted from an "open and obvious condition" and, therefore, Plaintiff cannot establish that Defendant is liable to her. In response, Plaintiff argues that: (1) her injuries did not result from an open and obvious condition and, (2) in the event that there was an open and obvious condition, her situation falls under the deliberate encounter exception to that doctrine.

### A. THE OPEN AND OBVIOUS DOCTRINE.

■■ Under Illinois law, there is a general duty of a possessor of land to exercise reasonable care for the safety of those who lawfully enter his premises. *See, e.g., Jackson v. Hilton Hotels Corp.*, 277 Ill.App.3d 457, 461, 214 Ill.Dec. 31, 33, 660 N.E.2d 222, 224 (1st Dist.1995). However, landowners owe no legal duty to take precautions or warn against risks from open and obvious conditions on the land. The Illinois Supreme Court "has adopted the rules set forth in sections 343 and 343A of the Restatement (Second) of Torts regarding the duty of possessors of land to their invitees." *Deibert v. Bauer Bros. Constr. Co., Inc.*, 141 Ill.2d 430, 434, 152 Ill.Dec. 552, 566 N.E.2d 239, 241 (1990). *See also Ward v. K mart Corp.*, 136 Ill.2d 132, 144–46, 143 Ill.Dec. 288, 554 N.E.2d 223, 229 (1990). Section 343A provides (in relevant part with emphasis added) that:

> [a] possessor of land is not liable to his invitees for physical harm caused by them by any activity or condition on the land whose danger is *known or obvious to them*, unless the possessor should anticipate the harm despite such knowledge or obviousness.

RESTATEMENT (SECOND) OF TORTS § 343A(1), at 218 (1965).

Defendant contends that Plaintiff's injuries resulted from an open and obvious condition, citing *Peterson v. Aldi, Inc.*, 288 Ill.App.3d 57, 223 Ill.Dec. 518, 679 N.E.2d 1291 (2d Dist.1997) and *Amaral v. Woodfield Ford Sales, Inc.*, 220 Ill.App.3d 357, 364–65, 163 Ill.Dec. 68, 581 N.E.2d 19, 25 (1st Dist.1991). The court finds it unnecessary to reach this argument, however, because even if *arguendo* the subject condition is deemed open and obvious, the deliberate encounter exception to the open and obvious rule applies here.

### B. THE "DELIBERATE ENCOUNTER EXCEPTION."

■■ Illinois appellate courts have uniformly held that there is an exception to the open and obvious danger doctrine—typically called the "deliberate encounter exception"— where the landowner could anticipate that the invitee would purposefully encounter the open and obvious hazard because, to a reasonable man in the invitee's position, the advantages of doing so would outweigh the apparent risks. *See, e.g., La Fever v. Kemlite Co.*, 293 Ill.App.3d 260, 227 Ill.Dec. 828, 688 N.E.2d 309, 316 (1st Dist.1997); *Burse v. CR Indus., Inc.*, 288 Ill.App.3d 48, 53, 223 Ill.Dec. 698, 680 N.E.2d 431, 434–35 (2d Dist. 1997); *Jackson v. Hilton Hotels Corp.*, 277 Ill.App.3d 457, 464, 214 Ill.Dec. 31, 660 N.E.2d 222, 226 (1st Dist.1995); *Stemen v. Avon Prods., Inc.*, 234 Ill.App.3d 300, 306, 175 Ill.Dec. 126, 599 N.E.2d 1140, 1144 (1st Dist.1992); *Flath v. Madison Metal Servs., Inc.*, 212 Ill.App.3d 367, 373, 156 Ill.Dec. 496, 570 N.E.2d 1218, 1223 (5th Dist.1991). The genesis of this exception is RESTATEMENT (SECOND) OF TORTS 343A, cmt f (1965) which states that land possessors should anticipate harm to invitees "where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." [3]

---

3. A federal district court's role is to attempt to predict how the state supreme court would decide the issue presented. *See, e.g.,Allen v. Transamerica Ins. Co.*, 115 F.3d 1305, 1309 (7th Cir. 1997). Although the Illinois Supreme Court has generally cited with approval comment f of Section 343A of the Restatement (Second) of Torts (which contains the "deliberate encounter exception"), *see Deibert*, 141 Ill.2d at 435, 152

Ill.Dec. 552, 566 N.E.2d at 241–42 and *Ward*, 136 Ill.2d at 149, 143 Ill.Dec. 288, 554 N.E.2d at 231, that court has not specifically addressed or adopted the "deliberate encounter exception." Nevertheless, Illinois appellate courts have uniformly adopted the exception. "Although the decision of a state's intermediate court is not a conclusive interpretation of state law in the same sense as a decision of the state's highest court, it

The court finds that the *Flath* and *Stemen* cases cited above are particularly instructive here.

In *Flath*, the plaintiff was a truck driver. The defendant's ground loading area was loaded with debris. The defendant's obstructed loading area forced the plaintiff to stand on his truck bed rather than on the ground while picking up and securing his load with chains (the plaintiff normally used the ground to tighten chains so he would not fall from the truck should slack suddenly appear in the chains). *Flath*, 212 Ill.App.3d at 370–71, 156 Ill.Dec. 496, 570 N.E.2d at 1221. When the load suddenly slackened, Plaintiff fell from the truck bed to the ground and suffered injuries. *Id.* at 371, 156 Ill.Dec. 496, 570 N.E.2d at 1221. The defendant in *Flath* argued that the clutter on the driver's side of the truck did not create an unreasonable risk of harm because the driver could have secured the load on the ground on the passenger side of the truck or he could have driven the truck to a spot with a clear ground area on the driver's side. *Id.* at 373, 156 Ill.Dec. 496, 570 N.E.2d at 1222. Nonetheless, the appellate court in *Flath* found that the clutter on the ground was unreasonably dangerous, stating that "[w]hile this danger was obvious and known to plaintiff, we think defendant should have reasonably expected that plaintiff would proceed to encounter the danger because, to a reasonable man in plaintiff's position, the advantages of doing so would have outweighed the apparent risk of doing so." *Id* at 374, 156 Ill.Dec. 496, 570 N.E.2d at 1223.

In *Stemen*, the close proximity of other trucks in the defendant's parking lot prevented plaintiff from using a side latch to clamp open his truck's trailer door while he inspected the inside of a truck. *Stemen*, 234 Ill. App.3d at 301, 175 Ill.Dec. 126, 599 N.E.2d at 1141. Then, during the plaintiff's inspection, the open unlatched door swung closed and injuriously hit the plaintiff's head and back.

*Id.* Although the defendant argued that the plaintiff could have asked the yardman to hold the door open, the appellate court found that there was "no assurance" that the plaintiff would have received help if he had so requested. *Id.* at 305–06, 175 Ill.Dec. 126, 599 N.E.2d at 1144. The appellate court in *Stemen* therefore found that "although the danger of the unsecured door was obvious and known to plaintiff, 'defendant should have reasonably expected that plaintiff would proceed to encounter the danger because, to a reasonable man in plaintiff's position, the advantages of doing so would have outweighed the apparent risk of doing so.'" *Id.* at 306, 175 Ill.Dec. 126, 599 N.E.2d at 1144 (quoting *Flath*, 212 Ill.App.3d at 374, 156 Ill.Dec. 496, 570 N.E.2d at 1223).

Plaintiff's situation fits squarely within the above cases recognizing the "deliberate encounter exception." As in *Flath* and *Stemen*, Plaintiff has introduced evidence that Defendant caused a physical obstruction (the pallet with the pallet jack) to Plaintiff's ability to perform her work. Like *Flath* and *Stemen*, even if that obstruction was obvious to Plaintiff, a reasonable inference from the evidence submitted by Plaintiff is that Defendant should have foreseen that Plaintiff would proceed to encounter the risk so that she could perform her job. Plaintiff has also presented evidence, similar to *Stemen*, that Plaintiff reasonably could not get assistance from Defendant with her work. (*See* Pl. 12(n) Add. Facts ¶¶ 13, 17.)

Defendant's sole response to Plaintiff's argument regarding the "deliberative encounter" exception is that Plaintiff's argument is "based upon pure speculation." (Def. Reply at 9.) Based on the evidence of record, and the law, the court disagrees.

In short, under the circumstances here, construing the record evidence in the light most favorable to nonmovant Plaintiff, a gen-

illuminates the meaning of state law and should be followed 'unless there are persuasive indications that the [state's] Supreme Court would decide the issue differently.'" *Burns Philp Food, Inc. v. Cavalea Continental Freight, Inc.*, 135 F.3d 526, 528 (7th Cir.1998) (quoting *Allen*, 115 F.3d at 1309).

Under these circumstances, this court predicts that the Illinois Supreme Court will expressly

adopt the deliberate encounter exception. In any event, given the uniform adoption of the deliberate encounter exception by the Illinois appellate courts, it cannot be said that there are any "persuasive indications" that the Illinois Supreme Court "would decide the issue differently" than the unified appellate court decisions.

uine issue of material fact exists for the jury as to the applicability of the deliberate encounter exception (*i.e.*, whether someone in Plaintiff's position would determine that the advantages of performing her job of retrieving the product would outweigh the apparent risks of doing so).[4]

## CONCLUSION

In view of the foregoing, Defendant's summary judgment motion is denied.

---

4. The jury, of course, may weigh Defendant's evidence in assessing Plaintiff's comparative negligence. *See, e.g., Flath,* 212 Ill.App.3d at 373, 156 Ill.Dec. 496, 570 N.E.2d 1218 ("That plaintiff might have been able to secure his load from the ground on the passenger side of the trailer, or by driving his truck forward out of the building, may reflect on the degree of plaintiff's comparative fault, but does not make the obstruction any less dangerous.").

Because this court has decided this motion pursuant to the "deliberate encounter" exception to the open and obvious doctrine, the court need not consider Plaintiff's secondary argument that Defendant should have anticipated that the act of moving boxes would distract her or render her forgetful as to the subject danger. *See, e.g., Ward,* 136 Ill.2d at 149–50, 143 Ill.Dec. 288, 554 N.E.2d at 231 (adopting restatement provision [section 343A, comment f] whereby reason to expect harm to visitors from known or obvious dangers may arise "where the possessor has reason to expect that the invitee's attention may be distracted . . . or will forget what he has discovered").